# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

## CIVIL RIGHTS COMPLAINT

JAMES PINES :

VS. : CIVIL ACTION NO.

MICHAEL BAILEY : 3:10 cv 866 (MRK)

in his individual capacity : JUNE 1, 2010

**310CV00866 MRK**

### A. PARTIES

1. James Pines is a citizen of Connecticut who presently resides at 26 Burnwood Drive, Bloomfield.

2. The defendant Michael Bailey is a citizen of Connecticut; who all times mentioned in this complaint was a Detective in the Police Department of Enfield, Connecticut. He is sued only in his individual capacity.

3. During all times mentioned in this complaint, the defendant was acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

### B. JURISDICTION

1. Jurisdiction of this court is invoked under the provision of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

### C. NATURE OF THE CASE

1. This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2. At all times mentioned in this complaint, the defendant had a duty and the opportunity to protect the plaintiff from unlawful actions but failed and refused to perform such duty, thereby causing the injuries herein complained of.

3. On or about August 29, 2008, a warrant was prepared by the defendant for the plaintiff's arrest. The plaintiff was subsequently charged on or about September 6, 2008 in the Enfield Superior Court with one count of reckless endangerment in the first degree, in violation of Conn. Gen. Stat. §§ 53a-63.

4. The said warrant was issued by a judge solely on the basis of an affidavit signed, sworn and submitted by the defendant.

5. The defendant's said affidavit contained false information and other material information was recklessly omitted from the affidavit, including but not limited to the following:

   a) On the evening of April 29, 2008, following a verbal argument concerning filing for divorce, then wife, Elizabeth Pines pointed a gun at the plaintiff. The plaintiff called 911 for assistance, Elizabeth Pines was immediately arrested for pointing a gun (Walther PPK) at the plaintiff. The plaintiff was not arrested on April 29, 2008 by the responding officers this material fact was omitted from the defendant's affidavit.  See Exhibit "A"

   b) That following Elizabeth Pines' arrest an extensive search of the plaintiff's home by the Enfield Police on April 29, 2008, failed to find the Walther PPK. Following the failed search, the responding Enfield police officers left the plaintiff with custody of his two minor children with the unfound Walther PPK remaining in the home. The responding Enfield police officer's leaving the plaintiff in custody of the two minor children in the household with an unfound weapon was another material fact omitted from the defendants affidavit.

   c) The Walther PPK remained unfound until the court ordered Elizabeth Pines to inform the plaintiff of the location of the gun the morning of April 30, 2008; the gun was then recovered by the plaintiff alone. Subsequently, the Walther PPK per the court's order was turned into the Enfield Police Department on afternoon of April 30, 2008 by the plaintiff. The defendant omitted from the affidavit the circumstances surrounding the recovery of the Walther PPK. Furthermore, the defendant kept the State's Attorney unaware of these circumstances until November 3, 2009. See Exhibit "B"

   d) That upon police officers arriving to the scene on April 29, 2008, the plaintiff concerned for the responding officer's safety gave a complete inventory of the guns he owned. Inclusive of where the guns were stored last the plaintiff had seen them. This conversation took place in front of an Enfield Police Department cruiser, however the tape from the cruiser following the plaintiff's pretrial discovery motion was determined to be "unavailable". This verbal inventory provided by the plaintiff was also omitted from the defendant's affidavit.

   e) That the plaintiff had in his modestly sized home two sizable gun safes and two large rifle/shotgun safety storage containers. On the evening of April 29, 2008, one of the large storage containers was taken into custody by the Enfield Police along with three other guns. Given the presence and observable size and use for the several gun storage

2

devices in the home, it would not have been remotely plausible for defendant to conclude that Elizabeth Pines' denial "knowing the location of any guns or access to them" was truthful. The defendant's affidavit specifically omits any reference to the gun storage cases (as indicated in the police inventory) and/or the trigger locks or gun safes also in the plaintiff's home. See Exhibit "C"

f)  That this domestic incident occurred on April 29, 2008, however, defendant filed for a warrant four months later without ever having contacted the plaintiff with any questions regarding the incident. The defendant's affidavit alleges that the plaintiff admitted to improperly storing firearms. However, the sworn statement of plaintiff drafted by a responding officer indicates no such admission. Responding officers at the time of the incident took no action indicating such an admission was made. See Exhibit "D"

g)  That the defendant's affidavit omitted the fact that all firearms taken into custody by the Enfield Police Department were properly registered and that the plaintiff held a valid Connecticut State pistol permit at the time of the incident on April 29, 2008.  Additionally, plaintiff's pistol permit was not seized, revoked or requested to be surrendered by the Enfield Police Department or the Connecticut Department of Public Safety at any time following April 29, 2008 incident.

h)  That following the plaintiff challenging the omissions and truthfulness of the information included in the defendant's affidavit for warrant; the prosecutor's office reached out to the defendant for additional information. In October of 2009, based on additional information provided verbally by the defendant an amended information was filed adding two felony charges against the plaintiff (in alleged violation of Conn. Gen. Stat. §§ of 29-37i & 53-21). The full police report was delayed purposefully and not produced to the State's Attorney until November 3, 2009. Upon review of the full police report the State's Attorney determined there was insufficient evidence to move forward with prosecuting the plaintiff. Subsequently, all charges against the plaintiff were dismissed prior to trial. See Exhibit "E"

## D. CAUSE OF ACTION

**CLAIM I:** The defendant violated the plaintiff's right to be free from malicious prosecution, which is secured to the plaintiff by the Fourth Amendment of the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code. The defendant's affidavit was recklessly and intentionally misleading as to material facts and underlying circumstances as indicated above,  causing the plaintiff to be arrested, charged and prosecuted for a crime of which

the defendant knew the plaintiff was innocent and/or for which the defendant knew and or should have known there was no probable cause; resulting in the affiant perpetrating a deception and/or fraud upon the issuing judge. The defendant also repeatedly acted with malice by perpetuating and escalating the criminal proceedings against the defendant when there was insufficient cause to do so. On November 3, 2009, following review of the complete police report by the State's Attorney, the charges against the plaintiff were dismissed prior to going to trial. Therefore, the criminal case was concluded in the plaintiff's favor.

**CLAIM II:** The defendant caused the plaintiff negligent infliction of emotional distress. The defendant engaged in conduct which he should have realized involved an unreasonable risk of causing emotional distress. The plaintiff was maliciously prosecuted and forced to undergo the anxiety and humiliation of appearing numerous times in the Enfield Superior Court over a fifteen month period. The defendant during this time continued to urge the prosecution of the plaintiff including perpetuating increasing the charges with two felony counts by filing the amended information. Also, during the fifteen month period, Elizabeth Pines leveraged the unfounded criminal case against the plaintiff to negotiate finances and custody of the children during divorce proceedings. The plaintiff is currently unemployed; the negligent actions of the defendant has impacted the plaintiff's ability to find employment. The criminal charges brought against the plaintiff were published on the court's public website. As a result, the plaintiff's reputation in a niche industry has been tarnished by the defendant's actions.

**CLAIM III:** The defendant caused the plaintiff intentional infliction of emotional distress. The defendant engaged in conduct that he should have known that emotional distress was a likely result. This conduct by the defendant was extreme and outrageous causing the plaintiff to sustain severe emotional distress. The plaintiff was maliciously prosecuted and forced to undergo the anxiety and humiliation of appearing numerous times in the Enfield Superior Court over a fifteen month period. The defendant during this time continued to urge the prosecution of the plaintiff including perpetuating increasing the charges with two felony counts by filing the amended information. Also, during the fifteen month period, Elizabeth Pines leveraged the unfounded criminal case against the plaintiff to negotiate finances and custody of the children during divorce proceedings. The plaintiff is currently unemployed; the negligent actions of the defendant has impacted the plaintiff's ability to find employment. The criminal charges brought against the plaintiff were published on the court's public website. As a result, the plaintiff's reputation in a niche industry has been tarnished by the defendant's actions.

4

## E. PREVIOUS LAWSUITS

1. No other lawsuits have been filed in this matter as of this date.

2. Notice of intent to sue the defendant, the Enfield Police Department and the Town of Enfield has been provided under Conn. Gen. Stat. Sec 7-101a and 7-465.

## F. REQUEST FOR RELIEF

WHEREFORE, the plaintiff claims judgment against the defendant for:

1. Compensatory damages;

2. Punitive damages;

3. Legal fees and costs;

4. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure the plaintiff demands trial by jury in this action of all issues so triable.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Bloomfield on JUNE 1, 2010

THE PLAINTIFF

James Pines – Pro se

26 Burnwood Drive

Bloomfield, CT 06002

(860) 299-6466

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JAMES PINES                                    :

VS.                                            :          CIVIL ACTION NO.

MICHAEL BAILEY                                 :

in his individual capacity                     :          JUNE 1, 2010

## EXHIBITS TO COMPLAINT

Exhibit A:    Arrest Warrant Application

Exhibit B:    Surrendered Firearms Log Sheet

Exhibit C:    Inventory of Property Seized Without a Search Warrant

Exhibit D:    Supplement / Statement

Exhibit E:    Amended Information

THE PLAINTIFF

James Pines – Pro se

26 Burnwood Drive

Bloomfield, CT 06002

(860) 299-6466

# EXHIBIT A

**ARREST WARRANT APPLICATION**
JD-CR-64b Rev. 10-04
C.G.S. § 54-2a,
Pr. Bk. Sec. 36-1. 36-2. 36-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us
2008-39375

| | FOR COURT USE ONLY |
|---|---|
| Supporting Affidavits Sealed | ☐ YES   ☐ NO |

| AGENCY NAME | AGENCY NO. |
|---|---|
| Enfield PD | C2008-39375 |

| NAME AND RESIDENCE (Town) OF ACCUSED | COURT TO BE HELD AT (Town) | G.A. NO. |
|---|---|---|
| James E. Pines (***76) 18 Weymouth Rd. Enfield CT | Enfield | 13 |

## APPLICATION FOR ARREST WARRANT

TO:   A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the: ■ Affidavit Below.   ☐ Affidavit(s) Attached.

| DATE AND SIGNATURE | DATE 8/29/08 | SIGNED (Prosecuting Authority) | TYPE PRINT NAME OF PROSECUTING AUTHORITY |
|---|---|---|---|

## AFFIDAVIT

The undersigned affiant, being duly sworn, deposes and says:

1. That the undersigned, Detective Michael Bailey, is a sworn member of the Enfield Police Department and has been a member since May 24, 1998 and at all pertinent times mentioned herein was acting in his official capacity as a member of said department. The following facts and circumstances are stated from personal knowledge, observation and investigation, as well as information received from other officers acting in their official capacity.

2. That on 04/29/08 at approx. 2205 hrs. Enfield PD responded to a domestic complaint at 18 Weymouth Road. James Pines (***76) had contacted EPD claiming that his wife, Elizabeth Pines (***78) had pointed a gun at him. Also present at the time of the incident where the Pines two children, ages 1 and 9.

3. That on arrival, Pines told police he and his wife were separated and had just had a verbal argument at the home. He was attempting to leave and wanted to go back inside to get some belongings. It was at that point that his wife pushed him off the porch and ran inside, locking him out of the house. Pines fumbled for his keys and looked up to see his wife pointing his Walther .380 pistol at him through the window of the door. Pines said he called police from his cell phone and left the property.

4. That during the interview, the accused, James Pines admitted that he had a toiletry bag in the upstairs

(This is page 1 of a 2 page Affidavit)

| DATE AND SIGNATURE | DATE 8/29/08 | SIGNED (Affiant) Det. Michael Bailey #519 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 8/29/08 | SIGNED (Judge, Clerk, Comm'r Sup. Ct., Notary Pub.) |

## FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE AND SIGNATURE | SIGNED AT (City or Town) | ON (Date) 9-3-8 | SIGNED (Judge/Judge Trial Referee) | NAME OF JUDGE/JUDGE TRIAL REFEREE MORKS |
|---|---|---|---|---|

Exhibit A

**ARREST WARRANT AFFIDAVIT**
**CONTINUATION PAGE**
JD-CR-64a  Rev. 10-04
C.G.S. § 54-2a,
Pr. Bk. Sec. 36-1, 36-2, 36-3

**INSTRUCTIONS:**
The jurat is to be completed for each page of the affidavit
The prosecutorial official and judge/judge trial referee are to date
and sign or initial each page to indicate that they have reviewed it

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

| NAME AND RESIDENCE (Town) OF ACCUSED | COURT TO BE HELD AT (Town) | G.A. NO. |
|---|---|---|
| James E. Pines (████76) 18 Weymouth Rd. Enfield CT | Enfield | 13 |

## AFFIDAVIT

The undersigned affiant, being duly sworn, deposes and says:

bathroom which contained a loaded .32 cal pistol.

5. That a search of the house to check on the wellbeing of the children resulted in the discovery of a loaded .32 cal pistol on the back of a toilet in plain view. Also found during the search was a loaded shotgun, wrapped in a blanket against the headboard of a bed in an upstairs bedroom. Both children were found safe, sleeping in their beds.

6. That when questioned about the guns, the accused, James Pines said his wife had access to all the guns in the house.

7. When questioned about the guns, Elizabeth Pines denied knowing the location of any guns or accessing them.

8. That Elizabeth Pines was subsequently charged that night with Breach of Peace and Reckless Endangerment 1st degree in connection with the domestic incident.

9. That based on James Pines admitting he had a handgun in the toiletry bag on the back of the toilet, and the officers discovery of the loaded handgun out in the open and accessible to the children on the back of the toilet, and the children ages 9 and 1 being present in the house at that time the loaded gun was found, I believe probable cause exists for he arrest of the accused, James Pines for Reckless Endangerment 1st degree.

WHEREFORE, the undersigned believes probable cause exists that the accused, James Pines (████76) did commit the crime of Reckless Endangerment in violation of CGS 53a-63, in the town of Enfield on or about April 29, 2008 and respectfully requests an arrest warrant be issued.

*(This is page  2  of a  2  page Affidavit)*

| DATE AND SIGNATURE | DATE 8/29/08 | SIGNED (Affiant) Det. Michael Bailey #519 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 8/29/08 | SIGNED (Judge, Clerk, Comm., SSC, Ct. Notary Pub.) |
| REVIEWED (Prosecutorial Official) | DATE 9/1/09 | REVIEWED (Judge/Judge Trial Referee) | DATE 9.3.Y |

Exhibit A

# EXHIBIT B

State of Connecticut
Department of Public Safety
Special Licensing & Firearms Unit

Case #: _____

C2008-19224

# Surrendered Firearms Log Sheet

| Name of Person Presenting Firearm (last/first/mi) | Address (street/city or town/zip) | DOB |
|---|---|---|
| James E. Pines | 18 Weymouth Rd., Enfield, CT | ●-●●-76 |

| Name of Firearm Owner ☐ (✔ if same as above) | Owner Address (if different from above) | F/A Permit # |
|---|---|---|
| Same | | ☐ (✔ if owner) |

| Officer Accepting Firearm (name/rank/ID#) | Local Agency Name/Address |
|---|---|
| Off. Eric Schmidt #292 | Enfield P.D. |

| # | * Code | Serial Number | Make | Model | Caliber | Miscellaneous Information |
|---|---|---|---|---|---|---|
| 1. | C | ▇▇▇▇▇ | Walther | PPK | .380 | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |

(use additional forms to list more than five firearms)

**\* SURRENDER CODES:**

P   PROTECTIVE ORDER
R   RESTRAINING ORDER
C   OTHER COURT ORDER
V   VOLUNTARY SURRENDER

M   MISDEMEANOR DISQUALIFICATION CONVICTION
F   FELONY CONVICTION
D   DOMESTIC VIOLENCE CONVICTION
O   OTHER _____

COURT DOCKET NUMBER (ON PROTECTIVE ORDER, RESTRAINING ORDER OR COURT ORDER): _____

☒ I have surrendered the listed firearms to the Connecticut State Police in accordance with Section 29-36k of the Connecticut General Statutes. I understand that I have one year to transfer such firearms to someone who is eligible to possess such firearms or they will be forfeited to the State Police for destruction.

☐ I am the lawful owner of the above listed firearms and wish to surrender possession of them to the State Police for immediate destruction or for appropriate use within the department.

| Signature of Owner/Person Presenting Firearm | Signature of Receiving Officer / Badge # | Date |
|---|---|---|
| *[signature]* | *Off. Eric Schmidt* #292 | 4-30-08 |

☐ Released to Special Licenses & Firearms Unit   _____ Date: _____

## DISPOSITION OF FIREARM (S)

☐ Released to Owner
☐ Released to Other Proper Person:   (NICS Check Required) Authorization # _____
☐ Destroyed pursuant to C.G.S. 29-36(k)

| Signature of Receiving Person (if applicable) | Signature of Releasing Authority | Date |
|---|---|---|
| | | |

DPS-293-C (Rev. 08/01)      (Attach photocopy of any proofs of identification used to this form)      Page ____ of ____

Exhibit B

# EXHIBIT C

# INVENTORY OF PROPERTY SEIZED WITHOUT A SEARCH WARRANT

JD-CR-18 Rev. 7-05   C.G.S. §§ 21a-262, 26-85, 26-90, 54-36a,g,h, 46b-121 and 53-278c.

COPY

**POLICE CASE/ RECEIPT NO.**

| | To Court |
| | Destroy - No Value |
| | Case Pending |
| | Return to Owner |
| | Prisoner's |
| | Juvenile |

### PART A
COURT DOCKET NO.

### PART B
COURT DOCKET NO.
CR 08-147462

JUVENILE
COURT DOCKET NO.

## INSTRUCTIONS
1. Do not use this form if a search warrant is used.
2. Original must be filed with the Clerk of Court.
3. In the case of an arrest or referral, file with a uniform arrest report or Juvenile Summons/Complaint.
4. Last copy for Police Department use.

TO THE SUPERIOR COURT AT *(Address of court)*

JUVENILE MATTERS  [X] G.A. No. 13   111 Phoenix Ave Enfield, Ct

ARREST/REFERRAL  [X] MADE  [ ] PENDING

POLICE CASE/RECEIPT NO.  C08-19224

UNIFORM ARREST REPORT/JUV. SUMMONS NO.  8834676

COMPANION CASE NO.

**NAME, ADDRESS AND TEL. NO. OF DEFENDANT(S)/SUBJECT(S)**

1. Pines,Elizabeth
   18 weymouth Rd Enfield, Ct 06082
2.
3.

**NAME, ADDRESS AND TEL. NO. OF COMPLAINANT(S)/OWNER(S)**

1. Pines, James
   18 Weymouth Rd Enfield, Ct 06082
2.
3.

**TYPE OF INCIDENT**
Domestic

| TOWN OF SEIZURE | DATE OF SEIZURE | TYPE OF PROPERTY | | | |
|---|---|---|---|---|---|
| Enfield | 4/30/08 | [ ] STOLEN  [X] EVIDENCE  [ ] LOST/FOUND  [ ] INVESTIGATION | | | |

The following property was seized, in connection with a criminal/delinquency case: *(Describe type, color, serial number, etc.)*

**PART A INVENTORY NO.**

| | PROPERTY SEIZED | |
|---|---|---|
| 1. | L.W. Seecamp 32 caliber pistol, seial # 047655 | |
| 2. | Mossberg 12 caliber shotgun, serial # MV1429 | |
| 3. | Mossberg 22 caliber long rifle, model 151K | |
| 4. | Shotgun case containing items 1, 2, 3 | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |

**PART B INVENTORY NO.** 08 9293 ww

If cash money was seized, enter total amount here ▶
*(List each cash seizure separately on the numbered lines above.)*

| SIGNED *(Police Officer)* | *(Title)* | DATE | DEPARTMENT |
|---|---|---|---|
| P. Atsyrios | Officer | 4/30/08 | Enfield |

## PROPERTY ROOM USE ONLY

| EVIDENCE PHOTOGRAPHED | DATE | REMARKS |
|---|---|---|
| [ ] NO  [ ] YES | | |

| DATE OUT | REASON | BY | DATE RETURNED |
|---|---|---|---|
| | | | |
| | | | |

**JUVENILE INVENTORY NO.**

*(over)*

**INVENTORY OF SEIZED PROPERTY**

Exhibit C

# EXHIBIT D

# ENFIELD POLICE DEPARTMENT

**SUPPLEMENT / STATEMENT**

| DATE/TIME OF INCIDENT | COMPLAINT AND LOCATION | | DATE OF THIS REPORT | CASE # |
|---|---|---|---|---|
| 4-29-08 2235 | Domestic | 18 Weymouth Rd Enfield | 4-29-08 | 08-19224 |

| STATEMENT OF: | DOB | ADDRESS/TELEPHONE | DATE/TIME |
|---|---|---|---|
| James E. Pires | ██/██/76  289-6766/74F-1077 | 18 Weymouth Rd, Enfield | 4/30/08 0000 |

**WARNING:** THE CONSTITUTION REQUIRES THAT I INFORM YOU OF YOUR RIGHTS. YOU HAVE THE RIGHT TO REMAIN SILENT. IF YOU TALK TO ANY POLICE OFFICER, ANYTHING YOU SAY CAN AND WILL BE USED AGAINST YOU IN COURT. YOU HAVE THE RIGHT TO CONSULT WITH A LAWYER BEFORE YOU ARE QUESTIONED, AND MAY HAVE HIM WITH YOU DURING QUESTIONING. IF YOU CANNOT AFFORD A LAWYER, ONE WILL BE APPOINTED FOR YOU. IF YOU WISH, BEFORE ANY QUESTIONING, IF YOU WISH TO ANSWER QUESTIONS, YOU HAVE THE RIGHT TO STOP ANSWERING AT ANY TIME. YOU MAY STOP ANSWERING QUESTIONS AT ANY TIME IF YOU WISH TO TALK TO A LAWYER, AND MAY HAVE HIM WITH YOU DURING FURTHER QUESTIONING.

WITNESS _____ I UNDERSTAND MY RIGHTS AS STATED ABOVE _____ SIGNATURE _____

I James E. Pires give the following statement of my own free will. I was home with my wife Elizabeth. I told her approx 2 weeks ago that I was getting papers so as we would be separated. Tonight she was out in her car for a while alone. She came in and followed me outside. We started having a discussion about who was leaving. At this point I said I needed to get out of the house. Elizabeth said "I am not going to leave". I reached my toiletry bag was upstairs along with my savings .32 auto which I was going to take. I told Elizabeth I was going in the house to get the bag and she said "your not coming inside the house". We started walking back to the house, as we approached the stairs, she and my son were pushed or out of the way. She ran into the house and locked the back door. I stopped and went for my cell phone and I was fumbling for my house keys. I saw the door curtain move and I saw my PPK 380 auto pointed at me. Elizabeth was pointing it at me saying something but I don't know what. I dialed 911 and got the state police and the phone disconnected. I got into my car and drove to the motel/room at 275 Weymouth Rd. I called 911 before I got to the motel/room. I have been watching a movie prior to this incident. My shotgun was in the house along with my 2 handguns. If my wife has the combination to the pistol safe. The key to the safe is kept in a drawer by the refrigerator. The key is missing when I checked to my ??

I HAVE READ THE ABOVE STATEMENT AND IT IS TRUE TO THE BEST OF MY KNOWLEDGE. I FULLY UNDERSTAND THAT IF I MAKE A STATEMENT THAT IS UNTRUE AND WHICH IS INTENDED TO MISLEAD A LAW ENFORCEMENT OFFICER IN THE PERFORMANCE OF HIS OFFICIAL FUNCTION I WILL BE IN VIOLATION OF SECTION 53a-157, CONNECTICUT GENERAL STATUTES. A FALSE STATEMENT IS A CLASS A MISDEMEANOR, UP TO 1 YEAR IN JAIL AND/OR $1000.00 FINE AND NOT MORE THAN 3 YEARS PROBATION.

| INVESTIGATING OFFICER | DATE | STATUS | APPROVED BY | DATE |
|---|---|---|---|---|
| S.M. Owns 261/13 | 4-29-08 | ☐ OPEN ☐ CLOSED ☐ UNFOUNDED | LT. | 4-30-08 |

I HAVE READ THIS STATEMENT CONSISTING OF _____ PAGE(S), AND I AFFIRM TO THE ACCURACY OF THE FACTS CONTAINED THEREIN

THIS STATEMENT WAS COMPLETED AT 0000 ON THE 30 DAY OF Apr 20 08 at 18 Weymouth Rd

WITNESS _____ SIGNATURE OF PERSON GIVING STATEMENT

SUBSCRIBED AND SWORN BEFORE ME THIS 0007 DAY OF 30 20 08

SIGNED _____ 528

**ORIGINAL**

PAGE 1 OF 1 PAGES

Exhibit D

# EXHIBIT E

# INFORMATION
JD-CR-71 Rev. 8-08

## STATE OF CONNECTICUT
### SUPERIOR COURT

DISPOSITION DATE: 11-3-09

### TITLE, ALLEGATION AND COUNTS

STATE OF CONNECTICUT VS. (Name of accused): Pinks, James
G.A. NO.: 13
DOCKET NO.: CR09 148431

ADDRESS: 26 Burnwood Dr. Bloomfield
DATE OF BIRTH: ■ ■ 76

TO BE HELD AT (Town): Enfield
COURT DATE:

The undersigned Prosecuting Authority of the Superior Court of the State of Connecticut charges that:

FIRST COUNT - DID COMMIT THE OFFENSE OF: Reckless Endt
AT (Town): Enfield
ON OR ABOUT (Date): 4-29-08
IN VIOLATION OF GENERAL STATUTE NO.: 53a-63

SECOND COUNT - DID COMMIT THE OFFENSE OF: Responsibility Re Storage of A Loaded Firearm
AT (Town): Enfield
ON OR ABOUT (Date): 4-29-08
IN VIOLATION OF GENERAL STATUTE NO.: 29-37i

THIRD COUNT - DID COMMIT THE OFFENSE OF: Risk of Injury
AT (Town): Enfield
ON OR ABOUT (Date): 4-29-08
IN VIOLATION OF GENERAL STATUTE NO.: 53-21(a)

### COURT ACTION

DEFENDANT ADVISED OF RIGHTS BEFORE PLEA
ELECTION (Date): CT JY 11-3-09

| COUNT | PLEA DATE | PLEA | VERDICT FINDING | FINE | REMIT | ADDITIONAL DISPOSITION |
|---|---|---|---|---|---|---|
| 1 | 11-3-09 | NG | | $ | $ | 11-3-09 dismissed |
| 2 | 11-3-09 | NG | | $ | $ | 11-3-09 dismissed |
| 3 | 11-3-09 | NG | | $ | $ | 11-3-09 dismissed |

A TRUE COPY ATTEST
DEPUTY CLERK
SUPERIOR COURT, G.A. 13
ENFIELD, CT

PROSECUTOR ON ORIGINAL DISPOSITION: Duboff
REPORTER/MONITOR ON ORIG. DISP.: Rosello

Exhibit E