UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES PINES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 3:10cv866 (MRK) |
| | : |
| MICHAEL BAILEY, | : |
| | : |
| Defendant. | : |

## RULING AND ORDER

Defendant Michael Bailey has moved for reconsideration of the Court's Memorandum of Decision [doc. # 58] in which it denied his Motion for Summary Judgment [doc. # 40].

The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Archibald v. City of Hartford*, 274 F.R.D. 371, 382 (D. Conn. 2011). Local Rule 7(c) directs parties seeking reconsideration to "set[] forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." D. Conn. Loc. Civ. R. 7(c). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks omitted). A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Officer Bailey does not identify any changes to controlling law or facts that the Court overlooked; it seems he wants to relitigate his loss. His motion could be denied on that ground alone.

However, to assist the parties moving forward, the Court will briefly review the ways in which Officer Bailey's Motion for Reconsideration misunderstands both the Court's decision and the governing law in this area.

*First*, as Officer Bailey notes, the Court held that awareness and conscious disregard of risk is an element of reckless endangerment under Connecticut law. *See* Conn. Gen. Stat. § 53a-63(a); § 53a-3(13). What Officer Bailey does not yet admit is that he was wrong, as a matter of law, to state that "the only information necessary for a finding of probable cause pertains to the condition of the weapons when discovered . . . and the fact that two young children [were] present . . . ." Def.'s Mem. of Law [doc. # 42] at 17-18. In fact, Officer Bailey continues to base his argument on the premise that these are the only two elements of the crime. *See* Mot. for Recons. [doc. # 59-1] at 5. This point is crucial, as the inaccuracies and omissions in Officer Bailey's warrant affidavit are all relevant to precisely the element of the crime that Officer Bailey forgets to mention: the awareness and conscious disregard of risk that are the defining characteristics of recklessness.

*Second*, Officer Bailey misreads page six of the Court's opinion. Nowhere does the Court claim that statement (2)—"police searching the house had discovered a loaded .32 cal pistol on the back of a toilet in plain view," Mem. of Decision [doc. # 58] at 6 (quotation marks omitted)—is an inaccuracy. *Cf.* Def.'s Mot. for Recons. [doc. # 59-1] at 3. That statement was admitted by Mr. Pines and the Court therefore assumed it to be true.

*Third*, the statements (identified as (1) and (3) in the Court's opinion) which the Court *did* claim were inaccurate were found to be so not because of Mr. Pines's deposition testimony, *cf. id.*, but because they include facts that have no basis of support in the contemporaneous police reports on which Officer Bailey—who had no firsthand knowledge of his own—relied when

writing his warrant affidavit. A jury might find that adding the word "loaded" to a description of a gun, or saying that Mr. Pines described the location of the gun as "the back of the toilet" when there is no evidence that he did so, are mistakes serious enough to affect a neutral magistrate's probable cause determination. Again, these are mistakes not in comparison to Mr. Pines's later deposition testimony, but in comparison to the very police reports on which Officer Bailey purported to rely.

*Fourth*, a jury will have to determine whether probable cause might still have been objectively reasonable had Officer Bailey mentioned the fact—stated explicitly in the police reports on which he relied—that Mr. Pines was trying to enter his house to retrieve a gun or that he had a rifle in a case. *See* Pl.'s Ex. A3 [doc. # 48]. The Court finds it far from obvious that it would be objectively reasonable to find a "conscious disregard of risk" once one knows that Mr. Pines was trying to remove the risk when his wife locked him out of the house and pointed a gun at him. Similarly, it may no longer be objectively reasonable to find "awareness" that a rifle was lying about once one knows that Mr. Pines told police that his rifle was in a case.

*Fifth*, Officer Bailey writes that the Court "dismisse[d] the defendant's argument [about malice] by indicating that 'lack of probable cause generally raises an inference of malice sufficient to withstand summary judgment." Mot. for Recons. [doc. # 59-1] at 7 (quoting Mem. of Decision [doc. # 58] at 5. What Officer Bailey fails to mention is that, in saying this, the Court was quoting the Second Circuit and citing a line of Connecticut Supreme Court cases dating back to 1951. *See, e.g.*, *Falls Church Grp. Ltd. v. Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 94 (2007) ("Malice may be inferred from lack of probable cause."). Given the weight of precedent on this point, the Court will not revisit its denial of summary judgment on the issue of malice.

3

*Sixth*, and finally, Officer Bailey claims that, by allowing Mr. Pines's negligent infliction of emotional distress claim to proceed, "the [C]ourt's ruling was error and not based upon controlling decisions." Mot. for Recons. [doc. # 59-1] at 9. Officer Bailey goes on to cite the two District Court opinions, also cited by the Court, which found that the "identifiable person–imminent harm exception" to immunity requires physical harm. It goes without saying that these are not "controlling decisions." Far more relevant is the fact that the Connecticut Supreme Court, whose decisions on this question *are* controlling, decided an identifiable person–imminent harm exception case in 2006 without ever expressing qualms about the fact that the harm was psychological, not physical. *See Doe v. Petersen*, 279 Conn. 607 (2006). Regardless, as the Court explained in its decision, malice would also defeat Officer Bailey's immunity claim. Mem. of Decision [doc. # 58] at 11. Viewing the facts in the light most sympathetic to Mr. Pines—as the Court must doing when deciding a summary judgment motion brought by his opponent—the Court finds that Mr. Pines has adequately alleged that facing fourteen years in prison and losing his children and career caused him emotional distress. *See* Pl.'s Ex. A5 [doc. # 48] (James Pines Aff.) ¶11.

For these reasons, Officer Bailey's Motion for Reconsideration [doc. # 59] is DENIED.

**IT IS SO ORDERED.**

 /s/  Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: August 2, 2012.**