UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES PINES,<br>      Plaintiff, | No. 3: 10-cv-866 (SRU) |
| v. | |
| MICHAEL BAILEY,<br>      Defendant. | |

**RULING AND ORDER**

On June 3, 2010, James Pines brought three claims against Michael Bailey: the first claim was brought under 42 U.S.C. § 1983; the second and third were state-law claims of negligent and intentional infliction of emotional distress. On July 19, 2012, in a Memorandum of Decision by U.S. District Judge Mark R. Kravitz, summary judgment was granted for the defendant on the claim of intentional infliction of emotional distress and denied on the other two claims. On September 25, 2014, the Court of Appeals reversed the denial of summary judgment on the section 1983 claim. The only claim that remains is the state-law claim of negligent infliction of emotional distress, and the question that remains for this court is whether to continue exercising supplemental jurisdiction in order to hear that claim.

Supplemental jurisdiction is a matter of discretion, not of right, and a court therefore need not exercise supplemental jurisdiction in every case. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26 (1966). The federal court should exercise supplemental jurisdiction and hear a state claim when doing so would promote judicial economy, convenience, and fairness to the litigants, but it should decline to exercise supplemental jurisdiction when state-law issues would predominate or when the federal court would be required to interpret state law in the absence of state precedent. *See id.* at 726. In addition, the court may decline to exercise supplemental

jurisdiction where the court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Because no federal claim remains, and because I did not preside over the earlier litigation and am consequently in no better position than a state-court judge to preside over the remaining claim, I decline to exercise supplemental jurisdiction. Pursuant to the mandate of the Court of Appeals, judgment is entered in favor of the defendant on Pines's section 1983 claim, and the remaining state-law claim is dismissed without prejudice to re-filing in state court within thirty days of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of November 2014.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge